UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HECTOR CARDENAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV725 JCH |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Hector Cardenas's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On May 4, 2004, a jury in the Circuit Court of Chariton County, Missouri, found Petitioner guilty of two counts of assault in the first degree, two counts of armed criminal action, and two counts of tampering in the first degree. Petitioner was sentenced to fifteen years imprisonment on each assault conviction, three years on each armed criminal action conviction, and two years and four years for the two tampering convictions.[1] Petitioner's convictions and sentence were affirmed on appeal. State v. Cardenas, 171 S.W.3d 791 (Mo. App. 2005). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. (Resp. Exhs. G, J). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Cardenas v. State, 231 S.W.3d 835 (Mo. App. 2007).

---

[1] Petitioner must serve one fifteen-year term and both three year terms consecutively; the rest are to be served concurrently.

Petitioner is currently incarcerated at the South Central Correctional Center in Licking, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following seven claims for relief:

(1) That the trial court erred in admitting four photographs of the victim's injuries;

(2) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to request a jury instruction indicating he would be required to serve at least 85% of his sentence, in response to the jury's question about parole eligibility;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to the submission of Instruction Number 25;

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to the submission of Instruction Number 25, and erroneously submitted Instruction Numbers 7, 8, 11, 12, 15, 16, 19, 20, 22, and 24;

(5) That Petitioner received ineffective assistance of counsel, in that trial counsel misstated the law with regard to the affirmative defense of mental disease or defect;

(6) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to move to suppress Petitioner's statements, and to dismiss the charges against him, on the ground that his rights under the Vienna Convention on Consular Relations were violated; and

(7) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate, interview, and call as a witness Dr. Bruce Harry.

(Suggestions in Support of Petition for Writ of Habeas Corpus under 28 U.S.C. Section 2254 by a Person in State Custody ("Petitioner's Memo in Support"), PP. 2-10). The Court will address the claims in turn.

## DISCUSSION

**A.    Procedural Default**

As stated above, in Grounds 3 through 7 of his petition, Petitioner asserts he received ineffective assistance of counsel, in that trial counsel: failed to object to the submission of Instruction

Number 25; failed to object to the submission of Instruction Number 25, and erroneously submitted Instruction Numbers 7, 8, 11, 12, 15, 16, 19, 20, 22, and 24; misstated the law with regard to the affirmative defense of mental disease or defect; failed to move to suppress Petitioner's statements, and to dismiss the charges against him, on the ground that his rights under the Vienna Convention on Consular Relations were violated; and failed to investigate, interview, and call as a witness Dr. Bruce Harry. (Petitioner's Memo in Support, PP. 3-10). Although Petitioner raised the claims asserted in Grounds 3 through 7 in his post-conviction motion, a review of the record reveals he failed to pursue the claims on appeal of the denial of the motion.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id., citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988). Because Petitioner failed to raise the claims stated in Grounds 3 through 7 of the instant petition on appeal of the denial of his post-conviction motion, the federal court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the federal claim[s] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) (internal quotations and citations omitted); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995). Petitioner has not shown cause for his failure to raise the claims in state court.[2] In

---

[2] Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction appellate counsel erroneously abandoned the issues on appeal of the denial of his Rule 29.15 motion. (§ 2254 Petition, PP. 9-12). The Court notes there is no constitutional right to effective assistance of post-conviction counsel. Jolly, 28 F.3d at 54, citing Nolan v. Armontrout, 973 F.2d 615, 617 (8th Cir. 1992). Further, under Eighth Circuit law, "it is well-established that any

addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 760-761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Therefore, the claims raised in Grounds 3 through 7 of the instant petition are procedurally barred and must be denied.

**B.     Claims Addressed On The Merits**

    **1.     Ground 1**

As stated above, in Ground 1 of his petition Petitioner asserts the trial court erred in admitting four photographs of the victim's injuries. (Petitioner's Memo in Support, P. 2). Petitioner raised this claim on direct appeal of his convictions, and the Missouri Court of Appeals denied the claim as follows:

> On appeal, Cardenas argues that the trial court abused its discretion in admitting, over objection, four graphic photographs of his wife's injuries. He contends that the photographs were both irrelevant and prejudicial and that the prejudicial impact far outweighed any probative value. Cardenas states that admission of the photographs deprived him of his rights to due process, a fair trial, and to be judged by a fair and impartial jury.
>
> In Missouri, "[a] trial court has broad discretion in deciding whether to admit or exclude evidence at trial." *State v. Samuels*, 88 S.W.3d 71, 76 (Mo. App. 2002). We will not reverse the trial court's decision in this regard absent a clear abuse of discretion. *Id.* The admission of evidence constitutes an abuse of discretion where it is clearly against the logic of the circumstances before the court and so unreasonable and arbitrary as to shock the sense of justice and indicate a lack of careful deliberate consideration. *State v. Danikas*, 11 S.W.3d 782, 788 (Mo. App. 1999) (*citing Oldaker v. Peters*, 817 S.W.2d 245, 250 (Mo. banc 1991)).

---

alleged ineffective assistance of post-conviction counsel in failing to raise a claim is insufficient as a matter of law to serve as cause for procedural default." Battle v. Dormire, 2007 WL 803624 at *4 (E.D. Mo. Mar. 13, 2007), citing Clay v. Bowersox, 367 F.3d 993, 1005-1006 (8th Cir. 2004). Thus, to the extent Petitioner asserts the errors of his post-conviction attorney constitute cause to excuse his procedural default, his argument fails. Battle v. Dormire, 2007 WL 803624 at *4.

Trial courts have broad discretion to determine the admissibility of photographs. *State v. Rousan*, 961 S.W.2d 831, 844 (Mo. banc 1998). Relevant photographs should be excluded only if the prejudicial effect outweighs the probative value. *Id.* A trial court "occupies a superior vantage point for balancing probative value and prejudicial effect of demonstrative evidence." *State v. Walker*, 971 S.W.2d 356, 361 (Mo. App. 1998). Relevant photographs should not be excluded exclusively because they reiterate other testimony or are inflammatory. *Rousan*, 961 S.W.2d at 844. Even gruesome photographs are admissible if they are relevant to show the nature and extent of the wounds or the condition of the body, aid in establishing an element of the State's case, corroborate testimony, or assist the jury in understanding the testimony. *Id.; State v. Feltrop*, 803 S.W.2d 1, 10-11 (Mo. banc 1991); *Walker*, 971 S.W.2d at 361.

Cardenas states the photographs were not only highly inflammatory and prejudicial, but were also largely irrelevant. According to Cardenas, the photographs have little probative value because the two doctors testified in detail about the nature and extent of the victim's injury. He contends that because the doctors were able to adequately describe the wound, the photographs showing the same wound were unnecessary. The Missouri Supreme Court stated in *Rousan*, however, that an otherwise admissible photograph is not rendered inadmissible simply because other evidence described what that photograph shows. 961 S.W.2d at 844.

Cardenas also asserts that the photographs were unnecessary to establish the seriousness of the victim's injuries, because there was independent evidence of this and because he did not contest the seriousness of the injuries at trial. The only real question for the jury, he states, was whether he should be absolved of responsibility for the crime because of his mental illness.

The State is not "precluded from introducing [a] photograph because the defendant expresses a willingness to stipulate to some of the issues involved." *State v. Feltrop*, 803 S.W.2d 1, 10 (Mo. banc 1991). Regardless of Cardenas' alleged concessions at trial, the State must still prove every element of the offense in order to meet its burden of proof. Here, the jury was instructed, in relevant part, to determine if Cardenas caused "serious physical injury" to Sally by shooting her in the front pelvic area. The jury instruction defined "serious physical injury" as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." The photographs were necessary to assist the jury in determining whether the defendant had caused "serious physical injury" to the victim. Because that was an element of the State's case, the trial court was correct to admit the photographs into evidence.

Cardenas also asserts that the photographs should not have been admitted because all four were basically the same and were therefore cumulative and prejudicial. Each of the photographs in this case shows the victim's wounds from a different view or at a different angle. Photographs are not inadmissible as being cumulative where they depict "different wounds and views of the body." *Feltrop*, 803 S.W.2d at 11; *see also Walker*, 971 S.W.2d at 360. Accordingly, the admission of the four photographs in this case was not an abuse of discretion.

Cardenas contends that because the photographs were graphic, cumulative, and of little probative value, the prosecutor's real purpose in showing them was to prejudice the jury against him by inciting sympathy for the victim. In *Rousan*, the appellant also argued that photographs of the victims should not have been allowed because they were gruesome and thus prejudicial. 961 S.W.2d at 844. The photographs in that case depicted, *inter alia*, decomposed bodies that had been recovered from the ground, a point-blank gunshot wound to the victim's head, other gunshot wounds, and a garment bag that had been placed over the victim's severed head and then shot through. *Id.* at 844-45. The *Rousan* Court examined the probative value of each photograph. It concluded that the trial court had not abused its discretion in determining that the photographs, though particularly gruesome, were relevant and were not prejudicial to the point of outweighing their probative value. *Id.* The Court stated that "[i]f a photograph is relevant, it should not be excluded simply because it may be inflammatory." *Id.*

The Court pointed out in *Rousan* that if the photographs in such cases are shocking or gruesome, it is because the crime itself was shocking or gruesome. 961 S.W.2d at 844. As noted by this court in *State v. Davis*, "[d]efendants may not so easily escape the brutality of their own actions; gruesome crimes produce gruesome, yet probative photographs." 107 S.W.3d 410, 423 (Mo. App. 2003) (quoting *Feltrop*, 803 S.W.2d at 11).

"As with other relevant evidence, a photograph should not be excluded from evidence unless its prejudicial effect is greater than its probative value." *Rousan*, 961 S.W.2d at 844. Here, the photographs of Sally's wounds were essential to prove a central element of the State's case, namely, that Cardenas inflicted "serious physical injury" on the victim. Also, as in both *Rousan* and *Davis*, the photographs were necessary to help the jury better understand the testimony of the witnesses and to show the nature and extent of the wounds and the condition of the body. Further, the photographs are not cumulative because each shows a different view or is taken from a different angle.

We cannot conclude, therefore, that the trial court erred in its determination that the probative value outweighed the prejudicial effect in this case. The judgment is affirmed.

(Respondent's Exh. D, PP. 4-7).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under Eighth Circuit law, "[a] state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the [Petitioner] of due process." Bounds v. Delo, 151 F.3d 1116, 1119 (8th Cir. 1998) (internal quotations and citations omitted). Upon consideration, the Court finds the evidentiary ruling complained of here falls far short of reaching such level, if indeed it was in any respect erroneous. Id.; see also Middleton v. Roper, 498 F.3d 812, 819-21 (8th Cir. 2007), cert. denied, 128 S.Ct. 2060 (2008). Ground 1 of Petitioner's § 2254 petition must therefore be denied.

**2.    Ground 2**

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to request a jury instruction indicating he would be required to serve at least 85% of his sentence, in response to the jury's question about parole

eligibility. (Petitioner's Memo in Support, P. 3). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> Under claim 8a(4) of the Amended Motion Movant[3] alleges trial counsel was ineffective in failing to object to the Court's response to the jury question about asking about the guidelines for eligibility for parole. During the sentencing phase of the jury deliberations, the jury sent out a question asking about the guidelines for eligibility of parole. (Tr. 389). Although the parties did not agree to the exact response, they agreed in principle that the response should reflect that the "jury must be guided by the instructions given by the court." (Tr. 389-90).
>
> Movant's position is that the jury should have been instructed that as to the offenses of first degree assault, Movant would be required to serve 85% of any sentence imposed prior to parole eligibility. Movant cites no Missouri case law that requires that the jury in a Missouri criminal case be so instructed. Although this may be a recent trend, by some members of the criminal defense bar, this court can find no legal basis for issuing such an instruction. In fact the courts have held that it is not error for a trial court to refrain from informing the jury about issues concerning parole, as those issues are extraneous to determinations of guilt and punishment. **State v. Olinghouse**, 605 S.W.2d 58, 69 (Mo. banc 1980). Therefore, Movant's counsel's failure to object to the court's response and to request such an instruction, that in all likelihood would not have been given, does not rise to the level of his ineffectiveness in representing the Movant.
>
> Movant's claim under paragraph 8a(4) is therefore denied.

(Resp. Exh. G, P. 38). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his sole point in the instant appeal, Appellant[4] asserts that the motion court erred in finding that his trial counsel was not ineffective for failing to object to the trial court's response to the jury's question and for failing to request an instruction concerning the requirement that he serve 85% of any sentence imposed before becoming eligible for parole.
>
> "Our review of the motion court's denial of a Rule 29.15 motion is limited to determining whether the findings and conclusion of the motion court are clearly erroneous." *Butler v. State,* 108 S.W.3d 18, 25 (Mo.App.

---

[3] Petitioner is referred to as "Movant" by the post-conviction motion court.

[4] Petitioner is referred to as "Appellant" by the post-conviction appellate court.

W.D. 2003) (citing *Rule 29.15(k)*). "'Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made.'" *Masden v. State,* 62 S.W.3d 661, 664 (Mo.App. W.D. 2001) (quoting *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000)).

> In order to prevail on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), requiring proof by a preponderance of the evidence that: (1) his trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) his defense was prejudiced as a result.

*Vogel v. State,* 31 S.W.3d 130, 135 (Mo.App. W.D. 2000). "Appellant must establish both prongs of this test in order to prevail, and if he fails to satisfy either prong, we need not consider the other." *Butler,* 108 S.W.3d at 25 (citing *State v. Simmons,* 955 S.W.2d 729, 746 (Mo. banc 1997)). "Prejudice is established by demonstrating that, but for counsel's action, there is a reasonable probability that the trial would have resulted in a different outcome." *Perkey v. State,* 68 S.W.3d 547, 549 (Mo.App. W.D. 2001) (citing *State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998)).

Appellant's arguments in the instant appeal are identical to those rejected in *State v. Prosser,* 186 S.W.3d 330 (Mo.App. E.D. 2005), in the context of determining whether the trial court erred in refusing to inform the jury that any sentence imposed would not be eligible for parole. *Id.* at 331-33. As in *Prosser,* Appellant acknowledges the established precedent that "it is not error for the trial court to fail or refuse to inform the jury [concerning issues of parole eligibility]" because such issues are "'considered extraneous to the jury's determination of guilt and punishment.'" *Id.* at 331 (quoting *Deckard v. State,* 110 S.W.3d 891, 895 (Mo.App. S.D. 2003)) (emphasis omitted); *see also State v. Olinghouse,* 605 S.W.2d 58, 69 (Mo. banc 1980); *State v. Massey,* 60 S.W.3d 625, 628 (Mo.App. W.D. 2001). However, as in *Prosser,* Appellant "contends that by bifurcating criminal trials, the Legislature must have intended that the jury have a broader range of evidence during the penalty phase of the trial, thus allowing for an accurate and knowledgeable assessment of the appropriate punishment." *Prosser,* 186 S.W.3d at 332. Appellant notes that § 557.036.3, RSMo Cum.Supp.2004, does not expressly prohibit the trial court from informing the jury about parole eligibility.

Appellant cites no relevant cases to support his contention. He argues only that *Massey* and *Olinghouse,* on which the motion court relied, were decided prior to the amendment to § 557.036.3 allowing a separate sentencing phase in non-capital cases and are, therefore, no longer applicable. He does

not address the court's holding in *Prosser,* which was decided after the amendment.

The Legislature amended section 557.036 in 2003 and, in so doing, provided for bifurcated trials in non-capital criminal cases. Under this newly adopted procedure, if an offense is submitted to a jury, trial is held in two stages-a guilt stage and a punishment stage. If the jury at the first stage of trial finds a defendant guilty of the submitted offense, the second stage proceeds for the jury to assess and declare punishment. This represents a change from prior law, which provided that the jury assess and declare the punishment in the same proceeding during which the defendant's guilt was found.
186 S.W.3d at 332 (internal footnotes and citations omitted).

The *Prosser* court examined the statute and determined that "the purpose of having a separate penalty phase in non-capital trials, as in capital trials, is to permit a broader range of evidence relevant to the appropriate punishment to be imposed." *Id.* at 333. It further stated,

> There is scant reason to believe, however, that in amending the statute the Legislature intended the jury to be instructed differently than it had been prior to the statute's amendment. The amended statute provides that "[t]he court shall instruct the jury as to the range of punishment authorized by statute for each submitted offense" and that "[t]he jury shall assess and declare the punishment as authorized by statute." These statutory provisions are substantially identical to the language of the statute prior to amendment. Although we acknowledge that a jury is best-equipped to assess and declare punishment when it is accurately informed as to both the facts of the case and the law to be applied, we see nothing in the new bifurcation statute that justifies a departure from the settled law that issues of probation and parole are not for the jury's consideration. If the Legislature intended such a significant departure from established practice to be accomplished by the bifurcation statute, surely it would have done so explicitly.

*Id.* (internal footnote and citation omitted).

The same arguments asserted by Appellant were again rejected in *Carollo v. State,* 212 S.W.3d 244 (Mo.App. S.D. 2007), specifically in the context of trial counsel's "failure to instruct the jury on the statutes requiring him to serve eighty-five percent of any sentence imposed before becoming eligible for parole." *Id.* at 245. Relying on *Prosser,* the court concluded that "[m]ovant was not entitled to give the jury any instruction in this case concerning the collateral effects of his parole eligibility, nor was [counsel] ineffective in failing to request that the court advise the jury of the eighty-five

> percent requirement after the jury questioned how quickly someone can be paroled." Id. at 246.
>
> As in *Prosser* and *Carollo,* the motion court did not err in finding that Appellant's trial counsel was not ineffective for failing to request a jury instruction concerning the eighty-five percent requirement in response to the jury's question about parole eligibility. The motion court's findings and conclusions are not clearly erroneous. Point denied.

Cardenas v. State, 231 S.W.3d at 837-839 (footnote omitted).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with this claim, Petitioner fails to demonstrate his attorney's performance was constitutionally deficient. Specifically, the Court notes it is undisputed that Missouri case law does not require the instruction requested by Petitioner. Thus, Petitioner's counsel's failure to request an instruction that in all likelihood would not have been given, does not rise to the level of constitutional ineffectiveness under Strickland. Ground 2 is denied.[5]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 29th day of January, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] In light of the Court's above ruling, it need not consider whether the alleged error prejudiced Petitioner.